IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CASCADE PENSION TRUST, et al.,

        Plaintiff,

  vs.

NEW PATH RENEWABLES, INC.,

        Defendant.

O R D E R
Civ. No. 07-6262-AA

AIKEN, Judge:

    Plaintiffs' move for entry of default judgment and for attorneys' fees and costs.  Those motions are granted.

DISCUSSION

    Pursuant to Fed. R. Civ. P. 55(b) and this court's December 10, 2007, Order granting plaintiffs' motion for order of default and accounting, plaintiffs' motion for default judgment is granted in the amounts specified in plaintiffs' motion for default judgment, p. 2.

    Plaintiffs have also moved for attorneys' fees and costs. A determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,

1 - ORDER

478 U.S. 546, 563-64 (1986). Plaintiff carries the burden of proving the lodestar. Id. The factors considered to determine the lodestar figure include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976). Only those factors which are applicable need be addressed. Sapper v. Lenco Blade, Inc., 704 F.2d 1069 (9th Cir. 1983). Moreover, there is a strong presumption that the lodestar figure represents a reasonable fee. Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987). I find no grounds supporting a upward or downward departure, or a multiplier.

Using the "lodestar" method to determine reasonable fees, and pursuant to Fed. R. Civ. P. 54(d), 29 U.S.C. § 1132, and the contract at issue, plaintiffs' motion for attorneys' fees and costs is granted. Plaintiffs are awarded a total of $6,731 in fees, $109.21 in expenses, and $405 in costs, for a total award of $7,245.21.

## CONCLUSION

Plaintiff's motion for default judgment (doc. 10) is granted. Further, plaintiffs' motion for attorneys' fees and

2 - ORDER

costs (doc. 13) is granted.  Plaintiffs are awarded $6,731 in attorneys' fees, $109.21 in expenses, and $405 for costs for a total award of $7,245.21.

IT IS SO ORDERED.

Dated this  26  day of February 2008.


                                    /s/ Ann Aiken
                                  Ann Aiken
                        United States District Judge

3 - ORDER